Bebgah, J.
The Charter of the City of Oneida (L. 1911, ch. 648, § 33, as amd. by Local Laws, 1947, No. 2 of City of Oneida), provides that whenever “ any expenditure ” is to be “ made ” or “ incurred ” for “ materials or supplies to be furnished ” in excess of $500, the contract shall be awarded to the lowest bidder. The proposed contract between the city and M. H. Rhodes, Inc., for furnishing new parking meters was not awarded on competitive bidding. The common council by resolution, overriding the veto of the Mayor, accepted the written offer of the corporation.
By resolution, the council directe'd the Mayor to sign the contract. The Mayor refused. This proceeding under article 78 of the Civil Practice Act is maintained by a majority of the members of the common council to compel the Mayor to honor the council’s mandate. The court at Special Term has directed the execution of the contract. The Mayor appeals.
The proposed contract as approved by the council provides for payment for the new meters at the prices stated entirely from the receipts of the meters. A portion of the receipts is to be kept apart by the city, for this purpose and paid to the corporation until the full price stated in the contract is paid.
*439 The title to the meters stays in the seller until the full price is paid. The proposed contract provides that as long as the meters remain in possession of the city, the extent of the city’s obligation is to pay a portion of the revenue derived from the meters to the seller; and if the company removes the meters, the company’s share of the receipts before the removal will be the measure of its residual interest. The contract does not commit the city to the payment of any money other than a share of the receipts from the meters themselves.
This part of the proposed contract must, therefore, be treated as a self-liquidating enterprise in which an ‘ ‘ expenditure ’ ’ is not “ made ” or “ incurred ”. Self-liquidating municipal projects are construed as creating no municipal “ indebtedness ”, as a sewer system (Robertson v. Zimmermann, 268 N. Y. 52) or a self-liquidating electric light plant (New York State Electric & Gas Corp. v. Plattsburgh, 281 N. Y. 450; Kelly v. Merry, 262 N. Y. 151). “ Indebtedness ” and “ expenditure ” are not distinguishable in applicable principle.
The proposed contract, however, also provides for a trade-in “ allowance ” on old meters owned by the city at $5 each. There are 225 such meters. It is argued' by the council members who maintain the proceeding that this is not an “ expenditure ” because it is, in effect, a “ sale ” of city property, which does not fall within the Charter requirement and results, merely, in acceleration of the time at which the city will obtain full title to the new meters and be entitled to all the revenue from them, and that it is merely a reduction of the gross price of the new meters.
But the transfer of the old meters is a utilization of city property in excess of $500. The utilization expends the property. It is not merely an expenditure of city money that comes within the ban of the statute. The language used is “ any expenditure ”. And this utilization of property is “ made ” for “ materials or supplies to be furnished ”. It is a clearly expressed part of the consideration in the proposed contract by which title of the new meters will pass to the city.
This city property is to be transferred to buy new material. Thus it is literally, as well as in effect, an expenditure for materials. Certainly if the city paid cash in excess of $500 under the contract to accelerate the time when it could take title to the meters and as a part of the consideration of the agreement, the operation of the Charter provision would be beyond all doubt, and the devotion of other city property in the same way and for the same purpose is not distinguishable.
*440 Petitioners moved to strike ont affirmative defenses 6, 8, 9 and 10 in the answer and have separately appealed from an order denying their motion to strike them out. Paragraphs 6, 8, and 9 of the answer are conclusions of law and not properly pleaded (Civ. Prac. Act, § 1291). Paragraph 10 is not good pleading. It is not an allegation of fact made on knowledge of the party (Civ. Prac. Act, § 276) and is not an allegation of fact “ stated to be made upon the information and belief ’ ’ of the party under that section. It is merely an allegation that the party is “ informed and believes ” the statement made, which is quite a different thing and is bad pleading. It does not allege the fact. Moreover, it is sham pleading, since by its own reference to Exhibit C, it rests upon what someone thinks, and it is scandalous. The questions raised by the motion addressed to the answer are not necessarily academic by the dismissal of the petition.
The order granting the relief sought in the petition should be reversed and the petition dismissed with $50 costs to the appellant. The order denying petitioners’ motion to strike out affirmative defenses 6, 8, 9 and 10 in the answer should be reversed and the defenses should be stricken, without costs.